-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## CIVIL DIVISION

DAKAEDA DAVIS,

                                     Civil Action No.  1:25-cv-01162

**PLAINTIFFS,**

     **v.**

                                       District Judge Jennifer P. Wilson

CUMBERLAND VALLEYS SCHOOL
DISTRICT; ET AL.,

            **DEFENDANTS.**

## ORDER

AND NOW, on this___ day of ____, 2025, upon consideration of the Motion to Dismiss/Strike filed by Defendants Harold "Bud" Shaffner, Gregory Rausch, Kristi Shaffner, and Bethany Mullin, it is hereby ORDERED and DECREED that Defendants' Motion is GRANTED, and all claims against Defendants Harold "Bud" Shaffner, Gregory Rausch, Kristi Shaffner, and Bethany Mullin are hereby DISMISSED WITH PREJUDICE.

                              BY THE COURT:

                              _____J
                              The Honorable Jennifer P. Wilson

-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## CIVIL DIVISION

DAKAEDA DAVIS,

        Civil Action No.  1:25-cv-01162

        PLAINTIFFS,

        Judge Jennifer P. Wilson

        v.

        Electronically Filed

CUMBERLAND VALLEYS SCHOOL
DISTRICT; ET AL.,

        JURY TRIAL DEMANDED

        DEFENDANTS.

## MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(F)

AND NOW comes the Defendants, DEFENDANTS HAROLD "BUD" SHAFFNER, GREGORY RAUSCH, KRISTI SHAFFNER, AND BETHANY MULLIN, (hereinafter, "Moving Defendants") by and through their counsel, Dickie, McCamey & Chilcote, P.C., and moves this Honorable Court as follows:

    1.  To dismiss Count III as to Moving Defendants for failure to state a claim upon which relief can be granted.

        a.  First, Plaintiffs are suing Moving Defendants in addition to the CVSD, and, to the extent that Plaintiffs are suing one or more of Moving the Defendants in his/her official capacity, he/she is "part of the district itself" and the claims against

1

him/her in his/her official capacity are "redundant" of the claims against the school district. *Damiano v. Scranton Sch. Dist.*, 135 F. Supp. 3d 255, 268-269 (M.D. Pa. 2015) (Mannion, J.).

b.    As such, to the extent that Count III is a claim against Moving Defendants in his/her official capacity, Count III must be dismissed with prejudice. *See id.*, 135 F. Supp. 3d at 269.

c.    Moving Defendants recognize that they can be sued in their individual capacity for actions they undertook as part of his job on the school board. *See Kohn v. School Dist. of City of Harrisburg*, 817 F. Supp. 2d 487, 510 (M.D. Pa. 2011).

d.    "[I]ndividual capacity suits 'seek to impose personal liability upon a government official for actions he takes under the color of state law.'" *Judge v. Shikellamy Sch. Dist.*, 135 F. Supp. 3d 284, 300 (M.D. Pa. 2015) (citing *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)).

e.    However, Plaintiffs have failed to allege any "actions" taken by Moving Defendants "under the color of state law" in relation to Plaintiff.

f.    Moreover, "[t]o state a claim for violation of equal protection, plaintiffs must allege that (1) defendant's actions had a discriminatory effect and (2) were motivated by discriminatory purpose." *Doe v. Williamsport Area Sch. Dist.*, 699 F. Supp. 3d 306, 323 (M.D. Pa. 2023).

g.    The Complaint lacks sufficient factual content to establish "facial plausibility" that that any of Moving Defendants' actions "were motivated by discriminatory purpose."

h.    Regarding the requisite "discriminatory effect," establishing discriminatory effect requires showing that "the plaintiff is a member of a protected class" and that Plaintiff "was treated differently from similarly situated individuals in an unprotected class, to whom [she] is alike in 'all relevant aspects.'" *Id.*, citing *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 271 (3d Cir. 2014).

i.    It is alleged in the Amended Complaint that "Ms. Davis is a member of a protected class based on her sex." (Doc. 1, ¶174)

j.    Interestingly, in the original complaint, it was alleged that "Ms. Davis is a member of a protected class *in that she lives with a disability*." (Doc. 1, ¶174 (emphasis added))

3

-

k.  While it is alleged that Plaintiff experienced "disparate treatment" compared to "similarly situated male athletes"; (Doc. 28, ¶129), there are no specific factual allegations supporting the assertion.

l.  Rather, Plaintiff's allegations all relate to the fact that she "was diagnosed with significant unilateral hearing loss." (Doc. 28, ¶101)

m.  For example, she alleges that she references "very specific accommodations that needed to be made during cheerleading activities" due "to having significant unilateral hearing loss." (Doc. 28, ¶102)

n.  Furthermore, she alleges that the "bullying and harassment" that she alleged received "was directly related to her disability." (Doc. 28, ¶131)

o.  However this Honorable Court has held that "'disability' does not form the basis of a protected class;" *Monninger v. Shippensburg Univ.*, 2016 U.S. Dist. LEXIS 109366, *58 (M.D. Pa. 2016), and, as such, Plaintiff is seemingly now attempting to dress up her disability-based discrimination claim as a sex-based claim.

4

p. Regardless, the Complaint does not set forth any facts that might establish that Plaintiff was treated differently from similarly situated individuals in an unprotected class, to whom she is alike in all relevant aspects.

q. On the contrary, Plaintiff's claim seemingly arises from the alleged "refusal to provide reasonable accommodation for Ms. Davis's safety." (Doc. 28, ¶119)

r. Stated another way, Plaintiff is alleging – not that she was treated differently, but rather that she was *not* treated differently, which does not satisfy the pleading requirements of a Section 1983 claim.

2. To dismiss Count IV as to Moving Defendants for failure to state a claim upon which relief can be granted.

a. As for the state law claims asserted against Moving Defendants, "Pennsylvania recognizes the doctrine of absolute immunity for 'high public officials.'" *Zugarek v. S. Tioga Sch. Dist.*, 214 F. Supp. 2d 468, 479 (M.D. Pa. 2002) (McClure, J.).

b. "School Board members," such as one or more of the Moving Defendants, "entrusted with a policymaking role for the

5

School District, are high public officials entitled to absolute immunity from state law suits when acting in their official capacities." *Id.*

c.  Plaintiffs have not alleged any facts that would indicate that the conduct of one or more of the Moving Defendants fell outside the ambit of the scope of his/her public duties, and, as such, he/her is entitled to absolute high public official immunity for the state court claims.

d.  Furthermore, for an Intentional Infliction of Emotional Distress claim to be plausible under Pennsylvania law: (1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe. *See Doe v. Abington Friends Sch.*, 2022 U.S. Dist. LEXIS 201121, *16 (E.D. Pa. 2022).

e.  Under the first prong, the "conduct must be so outrageous as in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*

6

f.    "Conduct that Pennsylvania courts have deemed sufficiently outrageous to constitute IIED includes:    (1) killing the plaintiff's son with an automobile and then burying the body, rather than reporting the incident to the police; (2) intentionally fabricating documents that led to the plaintiff's arrest for murder; and (3) knowingly releasing to the press false medical records diagnosing the plaintiff with a fatal disease." *Dull v. W. Manchester Twp Police Dep't*, 604 F. Supp. 2d 739, 756 (M.D. Pa. 2009) (Connor, J.).

g.    The allegations, as asserted in the Complaint against Moving Defendants, do not support an IIED claim.

3.    To dismiss Count V as to Moving Defendants for failure to state a claim upon which relief can be granted.

a.    Plaintiffs can recover damages for negligently caused emotional distress:

(1)    when the plaintiff suffers a physical injury which causes the emotional distress;
(2)    when the plaintiff was in the "zone of danger" – or, in other words, experienced a "near-miss" and suffered emotional distress from having been endangered, despite not having suffered physical harm; and
(3)    when the plaintiff witnesses an accident causing serious injury to a close family member.

7

-

*Humphries v. Pa. State Univ.*, 2021 U.S. Dist. LEXIS 182858, *53 (M.D. Pa. 2021) (Brann, J.).

    b.    There are no allegations as asserted in the Complaint against Moving Defendants that might give rise to a viable NIED claim.

4.    To strike paragraphs 45, 67 to 81, and 82 to 97 of the Amended Complaint as redundant, immaterial, impertinent, or scandalous.

Respectfully submitted,

**DICKIE, McCAMEY & CHILCOTE, P.C.**

Date: October 7, 2025    By:    */s/Bryon R. Kaster*

Bryon R. Kaster, Esquire
Attorney I.D. No. 91707
300 Corporate Center Drive, Ste 103D
Camp Hill, PA 17011
717-731-4800
BKaster@dmclaw.com

8

-

## **CERTIFICATE OF MOVANT**

I, Bryon R. Kaster, Esquire, hereby certify that in accordance with this Honorable Court's Order of June 27, 2025, the moving party has made a good faith effort to confer with the nonmovants to determine whether the identified pleading may be cured by amendment. Counsel for the moving party emailed Plaintiff's counsel on September 29, 2025, referencing the brief previously filed in the case raising the identical issues. To date, defense counsel has received no response and, as such, counsel for the movant presumes that the concurrence in this motion has not been given.

Respectfully submitted,

Date: October 7, 2025       _/ s/Bryon R. Kaster_____
Bryon R. Kaster, Esquire
Attorney I.D. No. 91707

9

-

## <u>CERTIFICATE OF NONCONCURRENCE</u>

I, Bryon R. Kaster, Esquire, hereby certify that I sought concurrence from

counsel of the plaintiff in the foregoing motion and that it was not given.

Date: October 7, 2025                 By:   */s/Bryon R. Kaster*
                                            Bryon R. Kaster, Esquire
                                            Attorney I.D. No. 91707

-

-

## <u>CERTIFICATE OF SERVICE</u>

AND NOW, this 7th day of October, 2025, I, Bryon R. Kaster, Esquire hereby certify that the foregoing **Motion to Dismiss** has been electronically filed and is available for viewing and downloading from the ECF system by all counsel of record.  Accordingly, service on the following has been effectuated pursuant to L.R. 5.7.

*s/ Bryon R. Kaster*
Bryon R. Kaster, Esquire

11