**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEKAEDA DAVIS, | : CIVIL ACTION |
| Plaintiff, | : |
| | : NO. 1:25-cv-01162-JPW |
| v. | : |
| | : JURY TRIAL DEMANDED |
| CUMBERLAND VALLEY | : |
| SCHOOL DISTRICT, MICHAEL | : |
| CRAIG, HAROLD "BUD" | : |
| SHAFFNER, GREGORY RAUSCH, | : |
| KRISTI SHAFFNER, BETHANY | : |
| MULLIN, AND SHAYNE HOMAN, | : |
| Defendants. | : ELECTRONICALLY FILED |

## MOTION TO DISMISS / STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) AND FED. R. CIV. P. 12(F)(2)

Defendants Cumberland Valley School District ("CVSD" or "the District") and Michael Craig ("Craig"), by their attorneys, Marshall Dennehey, P.C., hereby move this Honorable Court to dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and in the alternative, to strike from Plaintiff's Complaint certain immaterial, impertinent, and scandalous matters, pursuant to Fed. R. Civ. P. 12(f)(2), and in support of their Motion, Defendants state the following:

1.    Plaintiff filed her Complaint in this action on June 26, 2025.  (Doc 1).

2.    Moving Defendants filed Waivers of the Service of Summons on July 30, 2025, affording Moving Defendants until August 29, 2025 to respond to the Complaint.  (Doc 15, 16).

3.    Plaintiff's initial Complaint set forth five separate causes of action against Moving Defendants:  Count I – an ADA Title II claim against the District; Count II – a Section 504 of the Rehabilitation Act claim against the District; Count III – a Fourteenth Amendment Equal Protection claim vis-à-vis 42 U.S.C. §1983 against the District and Mr. Craig; Count IV – a state law IIED claim against the District and Mr. Craig; and Count V – a state law NIED claim against all Defendants; Count VI –a Count I – alleged violation.

4.    On September 26, 2025, Plaintiff filed an Amended Complaint asserting the same five causes of as the original Complaint and adding another cause of action under Title IX of Education Amendments Act of 1972, 20 U.S.C. §1681(a) ("Title IX").

5.    Therefore, Moving Defendants' response is timely.

### Motion to Dismiss – Rule 12(b)(6)

6.    Plaintiff's factual allegations in the Amended Complaint are largely based upon alleged incidents occurring at various point throughout the 2020 "cheer season" and school year, and thus are time-barred under Pennsylvania's two year statute of limitations for personal injury claims. See, Complaint at ¶¶ 102-104,  107-131; *see also*, 42 Pa.C.S.A. § 5524(2)(7).

7.    Claims under Title II of the ADA, and Section 504 of the Rehabilitation Act, are governed by the state statute of limitations for personal injury claims.

2

Rehabilitation Act of 1973, § 2 et seq., 29 U.S.C.A. § 701 et seq.; Americans with Disabilities Act of 1990, § 202, 42 U.S.C.A. § 12132; *Smith v. City of Philadelphia*, 345 F. Supp. 2d 482 (E.D. Pa. 2004).

8.    Likewise, a § 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims. 42 U.S.C.A. § 1983; *Dique v. New Jersey State Police*, 603 F.3d 181 (3d Cir. 2010).

9.    Title IX requires a claim to be filed within two years of the discriminatory action. *Schengrund v. Penn. St.*, 705 F.Supp.425, 439 (M.D. Pa. 2009) citing *Bougher v. University of Pittsburgh*, 882 F.2d 74, 77–80 (3d Cir.1989).

10.    Plaintiff's state law claims for IIED and NIED are both equally governed by Pennsylvania's two-year statute of limitations for personal injury actions. 42 Pa.C.S.A. § 5524(2)(7); *Ormsby v. Luzerne Cnty. Dep't of Pub. Welfare Off. of Hum. Servs.*, 149 F. App'x 60 (3d Cir. 2005); *Vaughan v. Pathmark Stores, Inc.*, No. CIV. A. 99-0018, 1999 WL 299576, at *1 (E.D. Pa. May 10, 1999).

11.    In the alternative, Plaintiff has failed to state an ADA Title II claim, and a claim under Section 504 of the Rehabilitation Act, against the District upon which relief may be granted, and Counts I and II of the Complaint should be dismissed.

12.    To make out a *prima facie* case of discrimination under Title II of the ADA, or under Section 504 of the Rehabilitation Act, a plaintiff must demonstrate

3

that: "(1) they are qualified individuals; (2) with a disability; and (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability." *JH by & through Humphreys v. Dunmore Sch. Dist.,* 2025 WL 2300750, at *7 (M.D. Pa. Aug. 8, 2025), citing *Durham v. Kelley,* 82 F.4th 217, 225 (3d Cir. 2023) (citing *Haberle v. Troxell,* 885 F.3d 170, 178 (3d Cir. 2018)); the same standard governs claims asserted pursuant to Section 504 of the Rehabilitation Act. See, *Chambers ex rel. Chambers,* 587 F.3d at 189 (citation omitted); see also, *Waters v. Amtrak,* 456 F. Supp. 3d 666 (E.D. Pa. 2020); *Derrick F. v. Red Lion Area Sch. Dist.,* 586 F. Supp. 2d 282 (M.D. Pa. 2008).

12.     Under the ADA and the Rehabilitation Act, a plaintiff cannot prevail simply by proving that she is disabled and that she was denied some service. Instead, "[t]he state must have failed to provide the service for the sole reason that the child is disabled." Derrick F., 586 F. Supp. 2d 282, citing *Andrew M. v. Delaware County Office of Mental Health and Mental Retardation,* 490 F.3d 337, 349-50 (3d Cir.2007). Plaintiff has failed to establish such a basis.

13.     Alternatively, Plaintiff has failed to state a plausible §1983 Fourteenth Amendment Equal Protection claim against the District and Mr. Craig.

14.     Further, a local government entity, like the District here, may not be sued under §1983 for an injury allegedly inflicted solely by its employees or agents.

4

Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury, that the government as an entity is responsible under §1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff has failed to establish a plausible Monell claim against the District.

15. In the alternative, Plaintiff fails to state a cause of action upon which relief can be granted in Count IV – Title IX. Title IX provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

16. Plaintiff's Amended Complaint purports to state a claim under Title IX relying solely on conclusory allegations that Cumberland Valley and Michael Craig were "deliberately indifferent" to Davis' alleged discriminatory treatment.

17. Plaintiff repeatedly alleges that "had [Plaintiff] been a male athlete" she would not have been subjected to alleged discriminatory treatment. See Amended Complaint ¶¶ 122, 132.

18. In support of this contention, Plaintiff avers that an unnamed male in 2015 and 2018, was not removed from a sports team following a fight with a

teammate and using a racial slur directed towards another Cumberland Valley student. See Amended Complaint ¶¶ 49, 50.

19.    The Amended Complaint makes no further effort to address how this anonymous male situation is related, in any way, to Plaintiff's alleged denial of an accommodation for her claimed disability.

20. The "deliberate indifference" standard recognized by the courts sets "a high bar for plaintiffs to recover under Title IX." *Davis v. Monroe Cty. Bd. of Edu.*, 526 U.S. 629, 643 (1999).

21. Before a factfinder can even begin to evaluate "deliberate indifference," the Plaintiff must, as a prerequisite, claim that the District had "actual notice" of the alleged sex discrimination*." Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290-93, (1998).

22. On it face, the Amended Complaint does not allege that Plaintiff or her parents notified the District of alleged sex discrimination.

23.  The Amended Complaint merely alleges that Plaintiff's parents sought a different position for Plaintiff in cheer formation as an accommodation for her alleged disability. See Amended Complaint ¶¶116-119.

24.    To the extent Plaintiff seeks the recovery of emotional distress damages and punitive damages against the District, the claim must be dismissed.

25.     Plaintiffs as a matter of law cannot recover emotional distress damages under Title IX.  See e.g. A.T. v. Oley Valley Sch. Dist., 2023 WL 1453143 at *4 (E.D. Pa. Feb. 1, 2023); Doe v. Moravian College, 2023 WL 144436 at *9 (E.D. Pa. Jan. 10, 2023).

26.     Likewise, Plaintiff as a matter of law cannot recover punitive damages under Title IX.  See e.g. Dawn L. v. Greater Johnstown Sch. Dist., 586 F. Supp. 2d 332, 383 (W.D. Pa. 2008).

27.     Plaintiff's Title IX claim should be dismissed because Plaintiff has not properly plead the necessary elements of a Title IX claim and seeks damages not available under Title IX as a matter of law.

28.     With regard to Plaintiff's negligence and other state law claims against the Moving Defendants at Counts IV and V, the claims must be dismissed as the District and Craig are immune from liability under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, et seq. ("Tort Claims Act")  See, e.g., Doe v. Williamsport Area Sch. Dist., 699 F. Supp. 3d 306, 327 (M.D. Pa. 2023).

29.     In the alternative, Plaintiff's state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress, must be dismissed because they fail to properly plead the necessary elements to support such claims.

30.    Alternatively, Plaintiff's claims for the recovery of punitive damages against the Moving Defendants as stated in Counts III – V must be dismissed.  Under the Tort Claims Act, a political subdivision, such as a school district and its employees, are not liable for punitive damages.  See, 42 PA. C.S. §8553(c); *Vicky M. v. Northeastern Educ. Intermediate Unit 19,* 486 F. Supp. 2d 437, 460 (M.D. Pa. 2007).

31.    Moreover, punitive damages cannot be recovered against municipal or individual employees acting in their official capacities.  *Zimmerman v. Schaeffer*, 654 F. Supp. 2d 226 (M.D. Pa. 2009).

32.    Alternatively, Mr. Craig is entitled to qualified immunity as to Plaintiff's §1983 Fourteenth Amendment claim.

33.    Plaintiff's §1983 claim must also be dismissed against Mr. Craig because Plaintiff fails to state a cause of action to establish a showing of deliberate indifference to known discrimination and/or overcome Mr. Craig's qualified immunity afforded under §1983.

### **Motion to Strike – Rule 12(f)(2)**

34.    Under Fed. R. Civ. P. 12(g)(1) "a motion under this rule [Rule 12] may be joined with any other motion allowed by this rule."

35.    Alternatively, and as will be more fully addressed in Moving Defendants' forthcoming brief, certain allegations within Plaintiff's Complaint that

contain immaterial, impertinent, and scandalous claims that should be stricken pursuant to Fed. R. Civ. P. 12(f)(2).

WHEREFORE, for the foregoing reasons, and for the reasons more fully stated in their forthcoming brief, Moving Defendants Cumberland Valley School District and Michael Craig respectfully request that the Court grant their Motion and dismiss Plaintiff's Complaint with prejudice and without leave to amend.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

Dated:  October 10, 2025          By:    */s/ Christopher J. Conrad*
Christopher J. Conrad, Esquire
PA Attorney ID# 202348
Daniel P. McGannon, Esquire
PA Attorney ID# 309357
200 Corporate Center Dr., Ste. 300
Camp Hill, PA 17011
Ph: 717-651-3531/717-651-3717
Fax: 717-651-3707
Email:  cjconrad@mdwcg.com;
dpmcgannon@mdwcg.com
*Attorneys for Defendants*
*Cumberland Valley School District*
*and Michael Craig*

9

## CERTIFICATE OF NON-CONCURRENCE AND COMPLIANCE WITH ORDER OF COURT

The undersigned, as counsel for Defendants Cumberland Valley School District and Michael Craig, contacted Plaintiff's counsel to advise of the relief requested in this Motion. Plaintiff does not concur.

On October 8, 2025, the undersigned and Plaintiff's counsel engaged in a meet and confer via electronic mail, as required by this Honorable Court's Order dated June 27, 2025. (Doc 4). The undersigned advised opposing counsel of its intended dispositive motion, including the defenses and arguments the undersigned intended to raise by way of Rule 12 motion. Counsel mutually engaged in a good-faith exchange between October 8th and October 9th to determine whether motions practice could be avoided, but a joint agreement could not be reached at this stage of the proceedings.

MARSHALL DENNEHEY, P.C.

Dated: October 10, 2025          By:    */s/ Christopher J. Conrad*
                                        Christopher J. Conrad, Esquire
                                        PA Attorney ID# 202348
                                        Daniel P. McGannon, Esquire
                                        PA Attorney ID# 309357
                                        200 Corporate Center Dr., Ste. 300
                                        Camp Hill, PA 17011
                                        Ph: 717-651-3531/717-651-3717
                                        Fax: 717-651-3707
                                        Email: cjconrad@mdwcg.com;

10

dpmcgannon@mdwcg.com
*Attorneys for Defendants*
*Cumberland Valley School District*
*and Michael Craig*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that I served a true and accurate copy

of the foregoing document, on all counsel of record, via ECF, on the below date.

MARSHALL DENNEHEY, P.C.

Dated: October 10, 2025 By: */s/ Christopher J. Conrad*
        Christopher J. Conrad, Esquire
        PA Attorney ID# 202348
        Daniel P. McGannon, Esquire
        PA Attorney ID# 309357
        200 Corporate Center Dr., Ste. 300
        Camp Hill, PA 17011
        Ph: 717-651-3531 / 717-651-3717
        Fax:  717-651-3707
        Email:  cjconrad@mdwcg.com;
        dpmcgannon@mdwcg.com
        *Attorneys for Defendants*
        *Cumberland Valley School District*
        *and Michael Craig*