**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

DEKAEDA DAVIS,

        Plaintiff,

        v.

CUMBERLAND VALLEY SCHOOL
DISTRICT, MICHAEL CRAIG,
HAROLD "BUD" SHAFFNER,
GREGORY RAUSCH, KRISTI
SHAFFNER, AND BETHANY
MULLIN,

        Defendants.

Civil Action No. 1:25-cv-01162

**JURY TRIAL DEMANDED**

**PLAINTIFF'S OMNIBUS RESPONSE BRIEF
<u>IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS</u>**

AND NOW come Plaintiffs, John Doe and Jane Doe 1, individually and as Parents and

Natural Guardians of Jane Doe 2, a Minor, by and through their undersigned attorneys, George R.

Farneth II, Esquire and The Farneth Law Group, LLC, and Nicholas A. Miller, Esquire and

Brenlove & Fuller, LLC, and file Plaintiffs' Omnibus Response Brief in Opposition to Defendants'

Motions to Dimiss.

## <u>INTRODUCTION</u>

While Defendants make an arguments that Plaintiffs have done nothing, or very little, to

remedy alleged pleading deficiencies from the original complaint, Defendants seem to have failed

to have actually read the new averments within the First Amended Complaint, the relief requested

under each count therein, and other changes made.  That alone should demonstrate to this Court

that Defendants are merely slinging defense bar lingo at the wall to see what may stick instead of

making any true arguments that Plaintiff has not pled viable causes of action.

Further, Defendants' request to have this Court jettison Plaintiffs' narrative of historically known incidents within CVSD reeks of bad faith. In essence, Defendants want Plaintiff's averments of a severe and pervasive hostile environment thrown out because that pattern of conduct defeats the defenses raised by Defendants in their respective Motions.

Defendants do not just want this Court to walk on an ice-covered roof in determining what is a general, bald and conclusory statement, they want this Court to ski down on it, making sure that no pleading, no matter what is said therein, can ever move forward. The standard by which this Court is governed is not so rigid and Defendants' Motions to Dismiss should be denied.

## ARGUMENT

### A. Standard for the Determination of a Motion to Dismiss

"A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations as true, and viewing them in the light most favorable to the non-moving party, the non-moving party is not entitled to relief." *Id.* at 637-638 (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir. 1997)).

In order to state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[H]eightened fact pleading of specifics" are not required. *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570 (2007). A plaintiff needs to aver "only enough facts to state a claim to relied that is plausible on its face." *Id.* Consideration under *Twombly* requires a court to accept all allegations as true, no matter how skeptical the court may consider the allegations to be, as "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (internal quotations omitted).

While more than an "unadorned, the defendant-unlawfully-harmed-me accusation," is required, when the factual content averred in a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-678 (2009). Further, all reasonable inferences drawn from a plaintiff's allegations must be viewed in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004)[1].

The Third Circuit has further expanded on the above line of cases in holding that a court, in determining the sufficiency of a complaint, must:

> "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'"

*Burch v. Milberg Factors, Inc.* 662 F.3d 212, 221 (3d. Cir. 2011) quoting *Santiago* v. *Warminster Twp.,* 29 F.3d 121, 130 (3d Cir. 2010).

Factual enhancements to a "naked assertion," allows a plaintiff to cross "the line between possibility and plausibility of 'entitlement to relief.'" *Twombley*, 550 U.S. at 556 (internal citations omitted).

**B. <u>Defendants' Monell Arguments Fail</u>**

Plaintiff dose not make bald, sweeping, or general "naked" assertions related to her claims, but goes through numerous pages and paragraphs of supported factual averments that the discriminatory actions and omissions that caused the stated injuries are not simply harmless happenstance, it is the condoned policy and/or procedure at CVSD.

---

[1] As argued herein, Defendants want this Court to improperly jettison the specific factual averments that support the substantial plausibility that the complained of conduct did, in fact, occur.

Defendants are arguing that Plaintiff has only made bald, sweeping assertions and/or failed to plead under the standards set forth in *Monell v. Dep't of Soc Sec. Servs. Of City of New York*, 436 U.S. 658, 694 (1978). They want this Court to Determine that Plaintiff has failed to set forth a policy and/or custom on behalf or within CVSD that has caused the stated harm.

However, the specific examples of conduct are exactly what is required to meet standard set by the United States Supreme Court and the Third Circuit, that a hostile or abusive environment must be established by cumulative effect considering the totality of the circumstances, which include the frequency and severity of the discriminatory conduct. *Faragher v. Boca Raton,* 524 U.S. 775 (1998); *Andrews v. City if Philadelphia*, 896 F.2d 1469 (3d. Cir. 1990); *Cardenas v. Massey*, 269 F.3d 251 (3d. Cir. 2001). It is also exactly what is needed to demonstrate a policy and/or custom under *Monell* and its progeny. These acts further establish validity to all other claims of discrimination and failure to make reasonable accommodations as they show that the Policy, Practice, and/or Custom at CVSD it to directly harm anyone that is different or who is a member of a protected class.

It should be no mere coincidence to the Court that that these specific averments are exactly what Defendants want this Court to strike or otherwise ignore in rendering its decision.

## C. <u>Individual Party Liability Attaches</u>

In the context of the claims asserted against the individual Defendants, it is pleaded that each Defendant either had a direct hand in, or was intentionally indifferent to, the conduct that directly and proximately harmed Plaintiff. The overall environment known to the Defendants cannot be willfully ignored, and such deliberate indifference, particularly when they had the power to correct the issues but failed to act, show purposeful discrimination and establish individual liability. *Blunt v. Lower Merion Sch. Dist.,* 767 F.3d 247 (3d. Cir. 2014). Additionally, there are several instances in the First Amended Complaint where it was properly pled that each individually

named Defendant acted under color of law and was personally involved in the alleged statutory violations and are thus liable for the harm Plaintiff has suffered. *Thomas v. Independence Township*, 463 F.3d 285 (3d. Cir. 2006).

**D. <u>Defendants seek this Court to believe that Plaintiff is seeking damages that are not pled</u>**

Defendants have stated that Plaintiff is continuing to seek emotional damages and punitive damages related to her ADA Title II and Section 504 of the Rehabilitation Act claims. This is simply not true, as a reading of the various claims in the First Amended Complaint would demonstrate. Instead, Plaintiff is seeking compensatory damages at this related to the treatment for emotional injury and not the emotional injury itself. Such compensatory damages are fully allowable under the law. *Barnes v. Gorman*, 536 U.S. 181 (2002) (holding that compensatory damages are available while punitive damages are not); *Cummings v. Premier Rehab Keller, PLLC*, 596 US 212 (2022) (holding the claims for emotional damages are not permitted but that compensatory damages are allowed).

As for Plaintiff's Title IX claim, while there is certainly some Federal District Court case law that has made the determination that punitive and/or emotional damages are not available in Title IX claims, a final determination as to the availability of these damages have yet to be made[2].

**E. <u>Defendants' Immunity Defenses are not Ripe for Determination or fail altogether.</u>**

Defendants' assertion that they are entitled to immunity is premature at best. Under 42 Pa.C.S. §§ 8541-8542, local agencies and their employees are generally immune from liability for injuries caused by their acts or omissions. However, there are specific exceptions to this immunity. Importantly, for employees, immunity is abrogated if the conduct constitutes a crime, actual fraud, actual malice, or willful misconduct. In such cases, the employee may be personally liable, but the

---

[2] While it is hard to argue which way the wind is blowing as to the availability of damages on claims arising from the Spending Clause, the lack of any current appellate determinations leaves them open for this Court's analysis and ruling.

agency itself remains immune unless the conduct falls within one of the statutory exceptions. *Jones v. City of Philadelphia,* 893 A.2d 837 (Pa. Cmwlth. 2006). Additionally, immunity of any kind simply cannot be determined at this juncture without making a determination that the facts Plaintiffs have averred are false, which is contradictory to the standard upon which this Court must make its decision. *Supra.*

Similarly, Defendants are asking this Court to determine the nonexistence of malice or willful misconduct at a preliminary stage, even when these are questions of fact that are often left for the jury to determine. *Id.*

Defendants' qualified immunity defense fairs no better. It cannot apply as Plaintiffs have pleaded the violated right with the requisite level of specificity and not the broad strokes as Defendants are arguing. As pleaded, it is "beyond debate" that the law made it clear to Defendants that their actions were unlawful and that they were knowingly, or should have known that they were, engaging in discriminatory conduct or that their discretionary conduct allowed the same to fester and grow within the school. *Thomas* 463 F.3d 285; *Eddy v. Virgin Islands Water and Power Auth.,* 256 F.3d 204 (3d. Cir. 2001).

**F. <u>Defendants seem to have failed to read Plaintiffs' Equal Protection Claim</u>**

It is astounding that both briefs submitted in this matter address Plaintiff's Equal Protection Claim as if she has set forth the claim on the basis of her disability as in her original Complaint. It seems that most of Defendants' arguments were simply cut and pasted without any attention given thereto. Even when it appears that certain Defendants recognized the new position taken, they astoundingly still based their argument on Plaintiff's disability and not her sex.

It is certainly clear that Defendants are ignoring the new information contained within the First Amended Complaint that was the impetus of the change in Plaintiff's pleading. That new information, as contained in the complaint, states exactly how Plaintiff was treated differently from

male athletes. This is the very basis of an Equal Protection Claim, in that a member of a protected class received differential treatment compared to others. *Hassan v. City of N.Y.*, 804 F.3d 277 (3d. Cir. 2015). Since none of the Defendants have bothered to address Plaintiff's Equal Protection Claim as currently pleaded, this Court should allow that claim to move forward.

## G. **Plaintiff has pled a Proper Title IX Claim**

Defendants' primary attempt to avoid liability stems from an argument that they had no "notice" of the discrimination that was alleged; or that Plaintiff failed to plead any facts that could lead to the entity having actual or constructive knowledge of the discriminatory practices being engaged in.

Such argument flies in the face of the Plaintiff's allegations, which Defendants obviously seek to have this Court ignore, just as Defendants have. The prevailing standard articulated in the Third Circuit is that liability under Title VI – and analogous statutes such as Title IX– turns on whether the entity had actual or constructive notice of the discriminatory conduct, or impact of the same, and failed to take an appropriate remedial action. *Kunin v. Sears Roebuck and Co.,* 175 F.3d 289 (3d. Cir. 1999) (entities cannot turn a blind eye, or be deliberately indifferent, to overt signs of discrimination); *N.A.A.C.P. v. Medical Ctr., Inc.,* 657 F.2d 1322 (3d. Cir. 1981) (a presumption exists that an entity is responsible for the foreseeable impact and consequences of policies and practices that would have an inherently discriminatory effect, even without proof of intent).

Additionally, such claims need not fail for lack of specifically identifying students who were treated differently as such a "comparative, or competitive, evidence is not a necessary component of a discrimination plaintiff's *prima facie* case.[3]" *Anderson v. Wachovia Mortgage*

---

[3] Establishing a *prima facie* case is not an onerous burden. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

*Corp.*, 621 F.3d 261 (3d Cir. 2010). *See also L.L. v. Evesham Twp. Bd. of Educ.* No. 15-3596 (3d Cir. Sep. 27, 2017).

**H.  Plaintiff has set forth proper Claims for IIED and NIED**

In order to maintain a claim for IIED under Pennsylvania law, a plaintiff must demonstrate a "showing of 'intentional outrageous or extreme conduct by defendant, which causes severe emotional distress to the plaintiff.'" *Williams v. Fedarko*, 807 F. App'x 177, 181 (3d.Cir. 2020) (quoting *Swisher v. Pitz*, 868 A.2d 1228, 1230 (Pa. Super. 2005)).  The conduct complained of must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and [must be] regarded as atrocious, and utterly intolerable in a civilized community." *Field v. Phila Elec. Co.*, 565 A.2d 1170, 1184 (Pa. Super. 1989).

Further, a plaintiff must suffer some kind of physical harm due to the outrageous conduct of a defendant.  *Reedy v. Evanson*, 615 F.3d 197, 232 (3d. Cir. 2010) (citations omitted).  "[A] plaintiff who can show such problems such problems as 'long continued nausea or headaches, repeated hysterical attacks mental aberration' has demonstrated adequate physical injury sufficient to sustain a cause of action.  *Toney v. Chester County Hosp.*, 961 A.2d 192, 199 (Pa. Super. 2008) citing *Armstrong v. Paoli Memorial Hosp.*, 633 A.2d 605, 609 (Pa. Super. 1993).

"[R]eckless conduct causing emotional distress renders an actor as liable as if he acted intentionally."  *Pierce v. Penman*, 515 A.2d 948, 951 (1986), appeal denied, 529 A.2d 1082 (1987). The treatment of children in such fashion as outlined in the First Amended Complaint can meet the standard of the "outrageous conduct," required to bring an IIED claim.  Plaintiff has pled the other elements required for an IIED claim and therefore should be permitted by this Court to proceed.

In order to establish ordinary negligence on the part of a defendant, a plaintiff must prove the following four elements: "(1) a duty or obligation recognized by law; (2) a breach of that duty;

(3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Estate of Swift v. Northeastern Hosp.*, 690 A.2d 719, 722 (Pa. Super. 1997).

Recklessness is found when a defendant "intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him." *Kuzmics v. Santiago*, 389 A.2d 587 (Pa. Super. 1978) (citations omitted).

Here, Defendants had a clear legal duty to abstain from the conduct complained of. Not only did they violate that duty by their actions, but it has been properly asserted that they did so in a reckless fashion.

## I.  The Assertion that the Statute of Limitations has run is a waste of Resources

Pennsylvania's Minority Tolling Statute, 42 Pa.C.S. § 5533(b) states that when and inured party is a minor, the time period to commence an action does not start to run until the Plaintiff turns eighteen years old.  As directly stated within the First Amended Complaint, Plaintiff was eighteen years of age at the time of filing.  It is simply impossible for any statute of limitations to have run.

### CONCLUSION

Simply put, Defendants want this case gone before discovery is opened because they know that the evidence and additional facts that will be uncovered will be utterly brutal to any defense they have tried to raise.

This Court should grant Plaintiff's Motion for Leave to File Second Amended Complaint.


Respectfully submitted,

**THE FARNETH LAW GROUP, LLC**

November 7, 2025

By: /s/ George R. Farneth II
George R. Farneth II, Esquire
445 Fort Pitt Blvd., Suite 160
Pittsburgh, PA 15219
Tel: (412) 863-7092
Fax: (412) 586-4713
Email: grf@farnethlaw.com
PA ID #53914
WV ID #10749


**BRENLOVE & FULLER, LLC**


By: Nicholas A. Miller
Nicholas A. Miller, Esq.
401 Washington Avenue
Bridgeville, PA 15017

412-221-0640 x 112
nmiller@brenlovefuller.com

Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 7th day of November 2025, a copy of the foregoing Reply to Opposition to Motion for Leave to File Second Amended Complaint was served on all counsel of record via the Court's ECF System

**BRENLOVE & FULLER, LLC**

By: /s/George R. Farneth II
George R. Farneth II, Esq.